[Cite as *State v. Agbohla*, 2014-Ohio-2659.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-839 |
| v. | : | (C.P.C. No. 12CR-10-5553) |
| Latroy Agbohla, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 19, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Joseph D. Reed*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Latroy Agbohla, appeals from the judgment of the Franklin County Court of Common Pleas convicting him of one count of possession of heroin and one count of possession of cocaine. For the reasons that follow, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} Appellant was released from prison and placed on parole on June 11, 2011. Appellant first appeared at the office of the Ohio Adult Parole Authority ("OAPA") on June 13, 2011, and Parole Officer Mark Herubin assumed supervision of appellant later that year. When appellant was first placed on parole, he was presented with and signed a

document titled "Conditions of Supervision."  As is pertinent here, appellant agreed to the following:

> 7.  I will not purchase, possess, use or have under my control any narcotic drug or other controlled substance or illegal drugs, including any instrument, device or other object used to administer drugs or to prepare them for administration, unless it is lawfully prescribed for me by a licensed physician. I agree to inform my supervising officer promptly of any such prescription and I agree to submit to drug testing if required by the Adult Parole Authority.
>
> * * *
>
> 9.  I agree to a search, without warrant, of my person, my motor vehicle, or my place of residence by a supervising officer or other authorized representative of the Department of Rehabilitation and Correction at any time.  *Notice: Pursuant to section 2967.131 of the Revised Code, Officers of the Adult Parole Authority may conduct warrantless searches of your person, your place of residence, your personal property, or any property which you have been given permission to use if they have reasonable grounds to believe that you are not abiding by the law or terms and conditions of your supervision.*

(Emphasis sic.)

{¶ 3}  While on parole, appellant was also required to "obey federal, state and local laws and ordinances," as well as inform his supervising officer of his residence and place of employment.  According to Herubin, the first address provided by appellant was on Hildreth Avenue, and he made contact with appellant at that address on September 7, 2011.  On October 5 and 19, 2011, though not finding appellant at that address, Herubin had contact with appellant's family members, specifically an aunt and a cousin, who claimed appellant was living there.  Herubin also testified that, on the October 19 visit, appellant's aunt stated appellant "was looking for work."  (Tr. 12.)  However, Herubin testified that his notes reflected he thought appellant's aunt "was not being truthful" with him.  (Tr. 12.)  Shortly thereafter, Herubin was provided with an East 12th Avenue address.  Though making three visits to the East 12th Avenue address from November 30

to December 13, 2011, Herubin was not able to make contact with appellant at that address.

{¶ 4}   In December 2011, Herubin was provided with a Norwood Avenue address. Though making contact with appellant's family members at that address in January and February 2012, on February 8, 2012, Herubin was told by appellant's aunt that appellant had not stayed there in "about a month."  (Tr. 14.)  Appellant then provided Herubin with an address on Citizens Place.  Though going there "over half a dozen times," Herubin did not see appellant at Citizens Place.  (Tr. 15.)  On August 20, 2012, appellant provided Herubin with the East 12th Avenue address again.  On August 22, 2012, Herubin went to that address, and appellant was there along with a woman and two children.  Herubin conducted a search of the residence, and in the master bedroom Herubin found a gym bag.  The gym bag contained mail belonging to appellant and a Nutter Butter cookie box that had been altered.  When Herubin pulled the bottom off of the cookie box, he found what he suspected was black tar heroin and numerous pills.

{¶ 5}   August 22, 2012 was the first time Herubin was able to make contact with appellant at an address he provided since making contact with appellant at the Hildreth address in September 2011.  Also, at the time of the August 22, 2012 search, Herubin was aware that, during his supervision of appellant, appellant had been charged with multiple traffic violations and new felony offenses, including one for drug trafficking.

{¶ 6}   On October 26, 2012, appellant was indicted on one count of heroin possession, a second-degree felony, and one count of cocaine possession, a fifth-degree felony, both in violation of R.C. 2925.11 and both arising out of the August 22, 2012 search.  Appellant filed a motion to suppress and argued his consent to be searched was not voluntarily given and, in the alternative, that Herubin's search was outside of the scope of consent.  After the June 25, 2013 suppression hearing, the trial court denied the motion to suppress from the bench.  The trial court concluded that the pending felony drug charge, the difficulty in finding appellant at the given addresses, and the traffic violations provided reasonable grounds for Herubin to conduct the warrantless search.

{¶ 7}   A month later, appellant entered no contest pleas to the indicted offenses, and, after a presentence investigation was completed, appellant was sentenced to a six-year term of incarceration to be served concurrently with a six-month term of

incarceration but consecutive to the sentence imposed in Franklin County Common Pleas case No. 12CR-2480.

## II. ASSIGNMENT OF ERROR

{¶ 8} This appeal followed, and appellant brings the following assignment of error for our review:

> The trial court erred to the prejudice of the defendant-appellant when it overruled the motion to suppress the evidence obtained during the warrantless search of defendant-appellant[']s residence despite the failure of the officer who performed the search to testify as to reasonable, articulable grounds to perform said search.

## III. DISCUSSION

{¶ 9} "[A]ppellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact." *State v. Vest*, 4th Dist. No. 00CA2576 (May 29, 2001). Thus, an appellate court's standard of review of the motion to suppress is twofold. *State v. Reedy*, 10th Dist. No. 05AP-501, 2006-Ohio-1212, ¶ 5, citing *State v. Lloyd*, 126 Ohio App.3d 95, 100-01 (7th Dist.1998). When considering a motion to suppress, the trial court assumes the role of trier of fact and, therefore, is in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. As a result, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* Then, the appellate court must independently determine whether the facts satisfy the applicable legal standard pursuant to a de novo review and without giving deference to the conclusion of the trial court. *Id.*

{¶ 10} R.C. 2967.131(B) provides that parole officers who are "engaged within the scope of their supervisory duties or responsibilities may search, with or without a warrant," the parolee's person or property if the parole officers "have reasonable grounds to believe" that the parolee is "not abiding by the law, or otherwise is not complying with the terms and conditions" of his parole. " 'To satisfy the "reasonable grounds" standard, an officer need not possess the level of certainty required for "probable cause." Rather, the Fourth Amendment's reasonableness requirement for warrantless searches of [parolees] is satisfied if the information provided to the searching officer "indicates ***

only the likelihood *** of facts justifying the search." ' " *Helton v. Ohio Adult Parole Auth.*, 10th Dist. No. 00AP-1108 (June 26, 2001), quoting *State v. Howell*, 4th Dist. No. 97CA824 (Nov. 17, 1998); *State v. Helmbright*, 10th Dist. No. 11AP-1080, 2013-Ohio-1143 (warrantless search of parolees constitutionally permissible if field officer has reasonable grounds to believe the individual is not abiding by the law or terms of conditions of release).

{¶ 11} Appellant argues that, while the majority of Herubin's testimony revolved around the different addresses appellant provided over the course of a year, Herubin actually found appellant at the last address provided, thus "there is absolutely nothing that would raise a suspicion that [appellant] was in violation of the law or the conditions of his post release control." (Appellant's brief, 9.) This argument, however, seemingly ignores the remainder of Herubin's testimony at the suppression hearing.

{¶ 12} As a condition of his parole, appellant was prohibited from purchasing, possessing, using or having under his control any illegal drug, narcotic drug or controlled substance unless otherwise permitted. Nonetheless, Herubin testified that, while on parole, appellant had been indicted for felony drug trafficking. Additionally, appellant's conditions of parole required him to keep his parole officer informed of his residence. Despite appellant providing five different locations to Herubin over the course of 11 months, Herubin testified he was able to find appellant at the stated locations only on two occasions. Further, the conditions of appellant's parole required that appellant obey all federal, state, and local laws and ordinances, yet Herubin testified that appellant had been charged with multiple traffic violations and had received a new felony charge for drug trafficking.

{¶ 13} After review of the record, we find Herubin had reasonable grounds to conclude appellant was not abiding by law or otherwise complying with the terms of his parole.[1] As such, we conclude the trial court did not err in overruling appellant's motion to suppress, and we overrule appellant's asserted assignment of error.

---

[1] Plaintiff-appellee, State of Ohio, relying on *State v. Benton*, 82 Ohio St.3d 316 (1998), also argues that, pursuant to the conditions of supervision, appellant consented to be searched without a warrant at any time, and, therefore, Herubin needed no suspicion to search appellant and/or his property. Our conclusion that the trial court did not err in finding that Herubin had reasonable grounds to conduct the warrantless search renders this argument moot.

## IV. CONCLUSION

{¶ 14} Having overruled appellant's single assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

_____